UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAYBOON KHENSOKVANN, | No. C 09-1220 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| FRANCISCO JACQUES, warden, | |
| Respondent. | |

## INTRODUCTION

Phayboon Khensokvann, currently incarcerated at Pelican Bay State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to amend. Khensokvann's amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the amended habeas petition, Khensokvann was convicted in Santa Clara County Superior Court of conspiracy to commit first degree burglary, active participation in a criminal street gang, receiving stolen property, and possession of burglary tools. In February 2007, he was sentenced to nineteen years in state prison. Khensokvann appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges the following claims: First, Khensokvann contends that the trial court erred in denying the defense motion to suppress evidence because he and his co-defendants were unlawfully detained on "mere suspicion." Amended Petition, p. 7. This claim is dismissed because it is a Fourth Amendment claim for an unlawful search or seizure (notwithstanding Khensokvann's mention of the Fifth, Sixth and Fourteenth Amendments in his description of the claim). Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims. See Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976). Even if the state court's determination of the Fourth Amendment issues is improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue. See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). In light of the fact that Khensokvann had the opportunity to litigate his Fourth Amendment claims in state court, his federal habeas claim that the search/seizure was invalid and that the court erroneously denied his motion to suppress is dismissed.

Second, he contends that the trial court violated his Sixth and Fourteenth Amendment

right to a fair trial by denying his motion to bifurcate the trial on the gang allegations. Liberally construed, this claim is cognizable in a federal habeas action.

Third, he contends that his right to due process was violated by the admission of evidence of an uncharged burglary in Porterville. Liberally construed, this claim is cognizable in a federal habeas action.

Fourth, Khensokvann contends that his right to due process was violated because the evidence was insufficient to show that the charged offenses were gang-related. Liberally construed, this claim is cognizable in a federal habeas action.

## CONCLUSION

For the foregoing reasons,

1. The first claim is dismissed. The other claims warrant a response.

2. The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **December 18, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 29, 2010**.

/ / /

/ / /

/ / /

1       5.    Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: November 3, 2009

_____
SUSAN ILLSTON
United States District Judge